No. 79,133

In the Matter of LEANDER P. HAMILTON, *Respondent.*

(949 P.2d 1139)

Opinion filed December 12, 1997.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam:* This original proceeding in discipline was filed by the office of the Disciplinary Administrator against respondent Leander P. Hamilton, of Wichita, an attorney admitted to the practice of law in the state of Kansas.

Two separate complaints were filed against respondent, resulting in a hearing before a panel of the Kansas Board for Discipline of Attorneys on September 22, 1995. Based on clear and convincing evidence, the unanimous panel made the following findings of facts and conclusions of law:

"CASE NO. A6174

"The parties further stipulate, and the respondent admits that under Complaint No. A6174 the respondent is in violation of MRPC 1.3 [1997 Kan. Ct. R. Annot. 276], Lack of diligence, MRPC 1.4 [1997 Kan. Ct. R. Annot. 282], Lack of communication with a client, MRPC 1.15 [1997 Kan. Ct. R. Annot. 316], Safekeeping of property, in his failure to return wills to the complainant.

"The parties further stipulate that the Kansas Client Protection Fund has made reimbursement to the complainant, Judith Doyle, in the sum of $700 as a result of the facts contained in said complaint.

"CASE NO. B6140:

"The parties further agree and stipulate that the respondent is in violation of MRPC 1.3, Lack of diligence, MRPC 1.4, Lack of communication with a client, [and] MRPC 1.15, Lack of safekeeping of property of client."

The panel concluded by clear and convincing evidence that respondent had violated the following: MRPC 1.3, lack of diligence; MPRC 1.4, lack of communication with a client, and MPRC 1.15, lack of safekeeping of property entrusted to him by a client.

The panel found that material elements of aggravation included: (a) respondent's prior disciplinary offenses, (b) respondent's substantial experience in the practice of law, and (c) respondent's multiple offenses in this proceeding.

The panel found in mitigation the following:

"(A) The respondent has stated he does not desire to continue in the practice of law and has retired from the practice of law about a year ago.

"(B) That there is absence of a dishonest or selfish motive;

"(C) That the respondent has had personal or emotional problems that have contributed to the violation of the model rules of professional responsibility.

"(D) That the respondent has shown remorse.

"(E) That the respondent has shown complete cooperation with the Disciplinary Board during the presentation and hearing on the complaints against the respondent."

Both the disciplinary panel and the respondent agree with and recommend to the court the following discipline should be imposed against the respondent:

"(1) That the respondent be suspended by the Supreme Court of the state of Kansas for period of two (2) years.

"(2) That at the end of the two year period of suspension, and if there are no other violations against respondent, and if he wishes to regain his license to practice law in the state of Kansas, that he be subject to a reinstatement hearing as contained under Supreme Court Rule 219 [1997 Kan. Ct. R. Annot. 245].

"(3) That the respondent reimburse the Kansas Client Protection Fund in the sum of $700 that it has heretofore paid to the complainant Doyle.

"(4) That the respondent reimburse the complainant Janie E. Vail the sum of $560 for fees paid by Vail to the respondent.

"(5E) That the respondent return to the complainant Judith Doyle the joint and mutual will of said Doyle being held and retained by respondent."

Since the panel's report, the record reflects that the Kansas Client Protection Fund has paid the sum of $560 to the complainant Vail.

The court, having considered the record herein and the report of the hearing panel, concurs in the findings, conclusions, and recommendation of the panel.

IT IS THEREFORE ORDERED that Leander P. Hamilton be suspended from the practice of law in the state of Kansas for a period

of 2 years effective December 12, 1997, in accordance with Supreme Court Rule 203(a)(2) (1997 Kan. Ct. R. Annot. 201).

IT IS FURTHER ORDERED that in the event the respondent should ever seek reinstatement, he shall be subject to all of the reinstatement requirements, including a hearing as provided by Supreme Court Rule 219.

IT IS FURTHER ORDERED that the respondent reimburse the Kansas Client Protection Fund in the sum of $1,260 that it has heretofore paid to the complainants Doyle and Vail and return the joint and mutual will of Doyle if it is being held and retained by respondent.

IT IS FURTHER ORDERED that respondent fully comply with Supreme Court Rule 218 (1997 Kan. Ct. R. Annot. 235), that the costs of these proceedings be assessed to the respondent, and that this order be published in the official Kansas Reports.

LOCKETT, J., not participating.

RICHARD W. WAHL, Senior Judge, assigned.